■ CITY OF NEW YORK, Appellant, v 273 E. 169TH STREET REALTY CORP. et al., Respondents. [665 NYS2d 840] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered March 14, 1997, which, in a proceeding to enjoin defendants from maintaining a public nuisance, *inter alia*, denied plaintiff's motion for a preliminary injunction closing the premises, unanimously affirmed, without costs.

On this record, the hearing court did not improvidently exercise its discretion in denying the preliminary injunction, particularly in light of defendants' consent to a search of the premises at any time and the posting of an undertaking.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GONZALEZ, Appellant. [665 NYS2d 843] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered February 9, 1995, convicting defendant, after a jury trial, of burglary in the second degree, criminal mischief in the fourth degree, and resisting arrest, and sentencing him, as a second felony offender, to concurrent prison terms of 4 to 8 years, 1 year and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The jury could properly reject defendant's intoxication defense, since there was ample evidence that he was not intoxicated at the time of the incident.

Although the trial court should have excluded an irrelevant statement by defendant, the error was harmless in light of the overwhelming evidence of defendant's guilt (*see, People v Crimmins*, 36 NY2d 230).

We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.